**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| GEORGE VALADEZ, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-176 |
| | § | |
| COGEMA MINING, INC., | § | |
| | § | |
|     Defendant. | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand (D.E. 7) and Defendant's Response in Opposition (D.E. 13). For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-05-224.

## I. BACKGROUND FACTS AND PROCEEDINGS

Plaintiff George Valadez ("Plaintiff") filed this negligence action against Defendant Cogema Mining, Inc., ("Defendant") on August 26, 2005 in state district court seeking damages for injuries he sustained after he was thrown about the cab of a truck that was loaded by Defendant. (See D.E. 1, Ex. 2, Pl.'s Orig. Pet. ("POP") at 1.) In particular, Plaintiff claims that Defendant negligently overloaded the truck he was driving, causing the truck's hydraulic lift to collapse, and that the force of the

collapsing trailer tossed him about the cab of the truck, causing him to suffer serious injuries.  (POP at 2.)  Plaintiff's damages included physical pain and suffering, mental anguish, lost wages and loss of wage-earning capacity, reasonable and necessary medical care in the past and future, and physical incapacity, scarring and disfigurement. (POP at 3-4.)

Defendant was served with the state court petition on September 6, 2005, and filed its original answer on September 19, 2005.  On April 4, 2006, Defendant filed its First Amended Answer, and objected to Plaintiff's petition on the grounds that he had failed to specify the maximum dollar amount of damages claimed. (D.E.1, Ex. 4)   On April 10, 2006, Plaintiff filed his First Amended Petition in which he stated that his damages were "substantial," but that he did not believe his damages exceeded two million dollars ($2,000,000.00).  (D.E. 1, Ex. 5 at 5.)

On April 19, 2006, Defendant removed the case to this Court on grounds of diversity jurisdiction: Plaintiff is a Texas citizen, Defendant is a Wyoming corporation with its principal place of business in Wyoming, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. (D.E.1)

On May 18, 2006, Plaintiff filed the instant Motion to Remand. (D.E. 7.)  Plaintiff argues that Defendant has failed to establish that the amount in controversy is greater than $75,000, and that

-2-

removal was untimely because it was not filed within thirty days after Defendant was first able to ascertain that the case was removable.  (Id. at 5.)

## II. <u>DISCUSSION</u>

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  However, § 1446 imposes certain time limits on the filing of a notice of removal.

Section 1446(b) provides, in relevant part, that:

> [t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).  The Fifth Circuit has held that the thirty-day time limit in § 1446(b), with respect to an initial pleading, "is triggered only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  See, e.g., Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002); see also Chapman v. Powermatic, 969 F.2d 160 (5th Cir. 1992).

In this case, Plaintiff's initial pleading, which was served on Defendant on September 6, 2005, affirmatively reveals on its face that the amount in controversy is greater than $75,000.00. (See D.E. 1, Ex. 2 at 1-9.)  In his original state court petition, Plaintiff seeks damages for (1) "Physical Pain, Suffering & Mental Anguish"; (2) "Lost Wages & Loss of Wage-Earning Capacity"; (3) "Reasonable & Necessary Medical Care in the Past & Future"; and (4) "Physical Incapacity, Scarring & Disfigurement."  (POP at 3-4.) The petition further provides that Plaintiff will "continue to experience . . . physical pain, suffering and mental anguish for a long time in the future" and has lost earning capacity "[f]or the balance of [his] life."  (POP at 3.)  The petition also states that

-4-

Plaintiff will, in addition to the medical expenses he has already incurred, "require additional medical attention for medical care, nursing, and/or hospital services" and will suffer from physical incapacity and disfigurement "for a long time in the future, if not for the balance of his natural life." (POP at 4.)

Where a plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that the petition supports federal jurisdiction. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). In Gebbia, the Fifth Circuit held:

> It is "facially apparent" from Plaintiff's original petition that the claimed damages exceeded $75,000 . . . [because] Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.

Id.

In this case, Plaintiff's Original Petition contains allegations that are nearly-identical to those found "facially apparent" in Gebbia. Thus, Plaintiff's petition affirmatively reveals on its face that the amount in controversy is greater than $75,000. Defendant was served with a copy of Plaintiff's Original Petition on September 6, 2005, but failed to remove the case to federal court within thirty days of its receipt. Instead, Defendant waited over seven months, until April 19, 2006, to remove the case. As such, the removal was untimely.

In its objection to remand, Defendant cites to <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160 (5th Cir. 1992) for the proposition that a plaintiff must affirmatively reveal on the face of its original petition that it is seeking damages in excess of the minimal jurisdiction of the federal court if the thirty-day deadline is to run from the date of service of the initial pleading.  Defendant maintains that, if a plaintiff fails to do so, the thirty-day deadline begins to run only after the service of an "other paper," and that the defendant is under no obligation to discover the amount of damages in dispute.  Under <u>Chapman</u>, Defendant claims that its removal was timely upon its receipt of Plaintiff's First Amended Petition asserting, for the first time, a maximum claim of two million dollars.

Plaintiff's reliance on <u>Chapman</u> is misplaced.  Chapman's petition stated merely that he had "suffered damages in excess of the minimal jurisdictional limits of the court."  <u>Chapman</u>, 969 F.2d at 162 n. 3.  In <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208 (5th Cir. 2002), the Fifth Circuit employed <u>Chapman</u> and the thirty-day removal deadline ran from the defendant's receipt of an other paper because the initial petition alleged only unliquidated damages of an unspecified amount.  However, the <u>Bosky</u> court specifically noted that neither its holding in <u>Chapman</u> or therein adversely affected the holdings in cases such as <u>Gebbia</u>, where the initial pleading

-6-

itself provided sufficient information for the defendant to discern that the case was removable.  Bosky, 288 F.3d at 212. That is, in cases, where a litany of damages has been presented, a defendant is considered on notice, even in the absence of a specified dollar amount.  See e.g. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (defendant on notice for removal purposes where complaint, based on tort theory of recovery, alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); Marcel v. Pool Co., 5 F.3d 81 (5th Cir. 1993) (plaintiff's alleged damages of past, present and future physical pain and suffering, mental pain and suffering, medical expenses, and lost wages, was sufficient to support removal).  And see Bosky, 288 F.3d at 212, n. 20 (list of cases where facts in initial pleading are sufficient to support removal).

In this case, like in Gebbia, plaintiff's damages were sufficiently detailed to support removal jurisdiction upon Defendant's receipt of the initial pleading.  As such, Defendant was required to remove the action within thirty days of its receipt of the initial pleading on September 6, 2005, and its failure to do so constitutes a defect in removal procedure, such that remand is appropriate.  See 28 U.S.C. § 1447(c) (cases with procedural defects may be remanded); F.D.I.C. V. Loyd, 955 F.2d 316, 318 (5th

Cir. 1992).

### III. <u>CONCLUSION</u>

For the reasons discussed above, Plaintiff's Motion to Remand (D.E. 7) is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-05-224.

SIGNED and ENTERED this 26th day of July, 2006.

_____
Janis Graham Jack
United States District Judge